IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Civil Action No. 25-cv-02955-GPG

MANUEL MOYA PINEDA,

    Petitioner-Plaintiff,

v.

JUAN BALTASAR, Warden, Aurora ICE Processing Center, in his official capacity,
ROBERT GUADIAN, Director of the Denver Field Office for U.S. Immigration and Customs Enforcement, in his official capacity;
KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity;
TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity; and
PAMELA BONDI, Attorney General of the United States, in her official capacity;

    Respondents-Defendants.

## ORDER

Before the Court is Respondents' Motion for Extension of Time Due to Lapse in Congressional Appropriations (D. 13).

The Court has entered a temporary restraining order to maintain jurisdiction and ordered Respondents to show cause within fourteen days of service why Petitioner should not be granted relief (D. 10).

In light of the present lapse in appropriations, Respondents request "an extension of time of fourteen days, until October 23, 2025, or until seven days after the date on which Congress has restored appropriations to the U.S. Department of Justice, whichever is later, to respond to the Court's Order to Show Cause" (D. 13 at 1).  Respondents assert that certain government employees

1

are "who are not in an 'excepted' position are prohibited by law from working, even on a voluntary basis, except in very limited circumstances, 'including emergencies involving the safety of human life or the protection of property'" (*id*. at 2 (quoting 31 U.S.C. § 1342)).  Respondents' counsel states that she has been furloughed (*id*.)

The Court is sympathetic to Respondents' Counsel's circumstances, which also impact the Court.  In related cases, the Court has granted various relief related to the lapse in appropriations.  Nonetheless, it is not clear that the circumstances apply here or, in any event, warrant an extension while Petitioner remains incarcerated without a hearing.

This case relates to the Verified Petition for Writ of Habeas Corpus (Petition) (D. 1) wherein Petitioner asserts that he is being held without hearing in violation of law and his right to due process.  He would continue to be held without hearing for any period for which an extension is granted.  The Government is constitutionally obligated to provide due process to Petitioner.  *See Trump v. J.G.G.*, 145 S. Ct. 1003, 1006 (2025) (per curiam) ("'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings." (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993))); *see also Free the Nipple-Fort Collins v. City of Fort Collins, Colorado*, 916 F.3d 792, 806 (10th Cir. 2019) ("What makes an injury 'irreparable' is the inadequacy of, and the difficulty of calculating, a monetary remedy after a full trial. Any deprivation of any constitutional right fits that bill.") (citations omitted).

The issues raised in this case are not novel.  Courts have almost universally held that similarly situated petitioners are entitled to a hearing.  *E.g.*, *Garcia Cortes, v. Noem,* No. 1:25-CV-02677-CNS, 2025 WL 2652880, at *3 (D. Colo. Sept. 16, 2025).  Indeed, prevailing law indicates that, to the extent that Respondents believe Petitioner should remain incarcerated, they may do so

2

by showing that he is a threat to human life or property. *Quispe-Ardiles, v. Noem*, No. 1:25-CV-01382-MSN-WEF, 2025 WL 2783800, at *8 (E.D. Va. Sept. 30, 2025); s*ee also* 8 U.S.C. § 1226(c) (requiring detention of criminals).  Thus, the decision to maintain custody over Petitioner, if appropriate, is an issue of "the safety of human life or the protection of property." 31 U.S.C. § 1342.  The Government has explicitly declared an emergency related to immigration issues at the southern border, where Petitioner allegedly crossed.  Declaring a National Emergency at the Southern Border of the United States, 90 FR 8327.  The Government's own publications indicate that, notwithstanding the lapse in appropriations, it can grant Petitioner the requested hearing due to the declared emergency.  *See* U.S. Department of Justice FY 2026 Contingency Plan at 6 (Sept. 29, 2025), available at https://www.justice.gov/jmd/media/1377216/dl.  Thus, it is unclear why any of the laws cited by Respondents prevent showing cause that relief should not be granted.  Further, as Petitioner argues, "Defendants' choice to fund and exercise its incarceratory functions while pausing funding for its obligation to defend decisions related thereto is no reason to delay their response" (D. 14 at 3).

Indeed, Federal Law indicates the urgency of decision in cases such as this.  Title 28 U.S.C. § 2243 requires that orders to show cause related to a writ of habeas corpus "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed."  An extension of more than 6 days would violate this statute.  Likewise, any extension of time may cause the Temporary Restraining Order to lapse absent consent from Respondents, which is not forthcoming, or further ex parte extension.  *See* Fed. R. Civ. P. 65(b)(2).

The Court finds that Respondents have not shown that the lapse in appropriations prevents their representation, would accord with law, or would be in the interests of justice.  *See, e.g.,*

3

*P.E.T.A. v. U.S. Dep't of Agric.*, 912 F.3d 641 (D.C. Cir. 2019) (denying request for a "stay oral argument in light of the lapse of appropriations"). Accordingly, the Court DENIES Respondents' Motion for Extension of Time Due to Lapse in Congressional Appropriations (D. 13).

DATED October 2, 2025.

BY THE COURT:

Gordon P. Gallagher
United States District Judge