IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 25-cv-2955-GPG

MANUEL MOYA PINEDA,

     Plaintiff-Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
GEORGE VALDEZ, Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity,
DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement, in his official capacity,
TODD BLANCHE, Attorney General, U.S. Department of Justice, in his official capacity,

     Defendants-Respondents.

---

## ORDER

---

Before the Court is Petitioner's Motion for Reconsideration (D. 37). The Court DENIES the motion for the following reasons.

On June 29, 2026, the Court entered an Order (D. 36) denying petitioner's Motion for Attorney Fees (D. 26) on the basis that it could not say that "Respondent's position was not substantially justified, at least of the date it was advanced." Petitioner now moves for reconsideration, arguing that Respondents' position was not substantially justified at the time it was advanced (D. 37).

1

Petitioner does not put forward a proper basis for reconsideration. Motions for reconsideration may be appropriate in light of: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). They should not be used to revisit issues that were already addressed or to advance arguments that could have been raised in earlier briefing. *Id.* Relatedly, "[a] disagreement with the court and a mere request that a court rethink a decision it has already made are improper bases for relief." *Sayed v. Broman*, No. 13-CV-02961-CMA-MJW, 2015 WL 2345638, at *1 (D. Colo. May 14, 2015).

Here, Petitioner's argument reflects nothing more than disagreement with the Court about whether Respondents' position was substantially justified at the time it was advanced. Petitioner's case concerns a rapidly developing area of law that has only recently received input from the Tenth Circuit or Supreme Court. *See Santillan Quiroz v. Bondi,* 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026); *Mullin v. Al Otro Lado,* No. 25-5, 609 U.S. ----, 2026 WL 1825741 (June 25, 2026). At the time Petitioner filed his petition and Respondents advanced their petition, the central issue in this case—whether Petitioner was detained under § 1225 or § 1226(a) of the INA—was being resolved differently by courts across the country. As the Court noted in its Order denying Petitioner attorney's fees, other courts did and have since found in Respondents' favor on the issues presented, despite this Court's finding in Petitioner's favor (*see* D. 36 at 3). Now, in light of the Tenth Circuit's decision in *Santillan Quiroz*, the matter has resolved for this Circuit, and Respondents' position henceforth will no longer be considered substantially justified. Pre-*Santillan Quiroz,* however, the division among courts concerning Respondents' position precluded the Court from being able to say that the position was not substantially justified.

2

3

Accordingly, Petitioner's Motion for Reconsideration (D. 37) is DENIED.


DATED July 16, 2026.

BY THE COURT:

_____
Gordon P. Gallagher
United States District Judge

3